UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

          v.                                    DECISION AND ORDER
                                                   11-CV–511

ANNA Z. JOST,

                              Defendant.


## INTRODUCTION

        The United States of America ("United States" or "plaintiff") commenced

this civil action against defendant Anna Jost ("defendant") pursuant to Title IV,

Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. §1087.  (Dkt.

No. 1)  Plaintiff is seeking to recover payments allegedly due and unpaid on

student loans insured by the United States Department of Education under the

William D. Ford Federal Direct Loan Program.

        Defendant has moved to dismiss the complaint for improper service of

process, lack of capacity and lack of standing to sue, and failure to prosecute.[1]

(Dkt. Nos. 9 and 10)  For the reasons that follow, defendant's motion to dismiss is

denied in its entirety.

------

        [1]  Defendant, an attorney, is proceeding *pro se* in this matter.

**DISCUSSION**

A complaint should be dismissed only if it fails to contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering a motion to dismiss, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exon Corp.*, 275 F.3d 191, 198 (2d. Cir. 2011).

*Insufficient Service of Process*

Defendant seeks to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process.  She claims that plaintiff never completed "nail and mail" service because she was never mailed a copy of the summons and complaint, and that the address listed on the certificate of service is incorrect.

When a defendant brings a motion pursuant to Rule 12(b)(5), the "plaintiff bears the burden of establishing that service was sufficient." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d. Cir. 2005).  The Federal Rules of Civil Procedure provide that service of process on an individual within a judicial district of the United States may be completed by "following the state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Under New York law, service of process is controlled by Section 308 of the Civil Procedure

2

Law and Rules ("CPLR"), which states that individuals may be served by: (1) delivering the summons to the person to be served; or (2) delivering the summons "to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served", along with mailing the summons to the person's last known address. *See* NY CPLR §§308(1) and (2).  When service of process cannot be effectuated in either manner set forth in Section 308(1) and (2) by due diligence, service may be accomplished by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by...mailing the summons to such person at his or her last known residence."  *See* NY CPLR §308(4).

Here, plaintiff has satisfied its burden to demonstrate that service was properly made under Federal Rule of Civil Procedure 4(e)(1) and Section 308(4) of the CPLR.  The certificate of service filed by plaintiff contains a sworn affidavit by the process server indicating that he attempted to personally serve defendant on three separate occasions with due diligence.  The date and time of each attempt at personal service is listed.  The affidavit states that after such attempts proved unsuccessful, the process server affixed a true copy of the summons and complaint to the door of plaintiff's last known address, which is listed, and mailed a true copy of the same to plaintiff's last known address.

The process server's affidavit demonstrates proper service pursuant to

Section 308(4) of the CPLR.  "A process server's affidavit of service establishes a *prima facie* case of the account of the method of service, and thus, in the absence of contrary facts, [courts] presume that [the defendant] was properly served with the complaint."  *Old Republic Ins. Co. v. Pacific Fin Servs. of Am.*, 301 F.3d 54, 57 (2d. Cir. 2002); *see The Reynolds Corp. v. National Operator Services, Inc.*, 208 F.R.D. 50 (WDNY 2002) (an affidavit of service constitutes *prima facie* evidence of effective service).

   In contrast, defendant's motion to dismiss contains a conclusory assertion that she was never served a copy of the summons and complaint by mail. However, there has been no sworn statement submitted contradicting the process server's affidavit, nor has defendant set forth any facts supporting her claim that service was not made.  Thus, defendant's unsupported and uncorroborated statement is insufficient to overcome the sworn affidavit relied upon by plaintiff.  *See Griffin-Nolan v. Providence Washington Ins. Co.*, 2005 U.S. Dist. LEXIS 12902 (NDNY 2005) (noting that "common sense dictates[s] that a motion to dismiss for failure to serve summonses requires a supporting affidavit" and denying a motion to dismiss pursuant to Rule 12(b)(5) for failure to include such an affidavit).

   Lastly, the certificate of service lists defendant's address as "318 Broad Street, Apt. 1415."  Defendant states that the address is incorrect because she lives in a single family home rather than an apartment.  However, defendant does

not contest that her correct address is 318 Broad Street, which, according to the sworn statement of the process server, is where the summons and complaint was affixed and mailed.  Defendant also does not contest that a copy of the summons and complaint was affixed to the door of her residence at 318 Broad Street.  The Court finds that the inclusion of an apartment number was harmless error that did not effect the service of process here.

### *Lack of Standing or Capacity to Sue*

Defendant maintains that the action should be dismissed "for lack of capacity and standing to sue".  She seems to argue, among other things, that the promissory note attached to the complaint is deficient for various reasons, that she did not sign a number of the documents, that the loans should not be in default because she took steps to consolidate them, and that she received a hardship deferment.  She also argues that the United States "is not a proper holder of the loans" and that plaintiff lacks legal capacity or standing to sue her. While defendant does not so state, it appears that she is attempting to make a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

The Higher Education Act of 1965, the statute under which this matter arises, establishes a program of federally insured loans to qualified students of post-secondary institutions.  *See* 20 U.S.C. §§1070-1080.  Section 1080 sets forth the procedures to be followed by lending institutions in the case of a default

by a student-borrower. *Id*. Upon default, the lender must notify the Department of Education, and the Department of Education must pay the lender the amount of the loss sustained. *Id*. at §1080(a). The "amount of loss" is deemed to be "the unpaid balance of the principal amount and accrued interest." *Id*. Importantly here, once it has paid the amount of the loss, the United States "shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan" by the lender. *Id*. at §1080(b).

The complaint alleges that defendant executed a promissory note to secure a Direct Consolidation Loan from the United States Department of Education. A copy of the promissory note, signed by defendant, is attached to the complaint. The complaint also includes a Certificate of Indebtedness, signed by Alberto Francisco, Senior Loan Analyst for the U.S. Department of Education, on May 1, 2011. This Certificate states that the Department of Education demanded payment according to the terms of the note and that defendant defaulted on the obligation on June 18, 2001. The complaint alleges that, by reason of the assignment to the United States of America of the defaulted promissory notes insured by the United States Department of Education, defendant is indebted to the plaintiff in the amount of $191,540.10. The complaint alleges that although a demand has been made, defendant has failed or refuses to pay said amount.

Based upon Section 1080 of the Higher Education Act and the allegations

contained in the complaint, plaintiff has standing and capacity to bring this action.

In addition, the facts alleged by plaintiff, including those set forth in the

documentation attached to the complaint, are sufficient to allege a valid claim

against defendant pursuant to the Higher Education Act.  *See Brass v. Am. Film

Techs., Inc.*, 987 F.2d 142, 150 (2d. Cir. 1993) (on a motion to dismiss, a court

may consider "documents attached to the complaint as an exhibit or incorporated

in it by reference...documents either in plaintiff's possession or of which plaintiff

has knowledge and relied on in bringing suit"); *United States v. Clerge*, 2012 U.S.

Dist. LEXIS 172641 (EDNY 2012) ("Consistent with other courts in this district,

the Court finds that an unopposed motion for summary judgment, a promissory

note and Certificate of Indebtedness from the U.S. Department of Education

constitute sufficient evidence of default on a student loan.")

When ruling on a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6), the "Court must accept all of the plaintiff's factual allegations

in the complaint as true and draw inferences from those allegations in the light

most favorable to the plaintiff."  *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103,

109 (2d. Cir. 2005).  Thus, defendant's unsubstantiated claims in her motion to

dismiss regarding the veracity of her signature, the propriety of the loan

documents, and her attempts to consolidate the loans or receive a deferment, are

insufficient to defeat the well-pled allegations contained in the complaint.  These

arguments should instead be raised in a motion for summary judgment and

accompanied by credible evidentiary support in the form of relevant documentation and sworn affidavits.

*Failure to Prosecute*

Defendant also argues that the action should be dismissed for failure to prosecute.  After service of the summons and complaint, and prior to the filing of the motion to dismiss, over six months passed in this matter without any action taken by plaintiff.  Therefore, the Court issued a notice of dismissal for failure to prosecute and ordered plaintiff to file an affidavit explaining, in detail, why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 4)  Plaintiff submitted a detailed affidavit explaining that defendant had contacted plaintiff to request a number of extensions of time to answer, and that the parties had been attempting to reach a settlement of the matter.  Plaintiff requested additional time for defendant to answer, and stated that it intended to pursue a default judgment if an answer or motion to dismiss was not timely filed. (Dkt. No. 5)  The Court granted the extension of time (Dkt. No. 6), and defendant filed the instant motion to dismiss.

An action may be subject to dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute where the plaintiff has allowed the action to lie dormant without any significant activity or has "engaged in a pattern of dilatory tactics."  *Lyell Theatre Corp. v. Loews Corp*., 682 F.2d 37, 42 (2d. Cir. 1982).  The Second Circuit has observed that dismissal for failure to

prosecute is a "harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d. Cir. 2004); *quoting Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d. Cir. 1993); *see also Chira v. Lockhead Aircraft Corp.*, 634 F.2d 664, 665 (2d. Cir. 1980) (stating that dismissal for failure to prosecute is "pungent, rarely used, and conclusive").

In determining whether to dismiss a claim with prejudice pursuant to Rule 41(b), courts consider the following factors: (1) whether plaintiff's failure to prosecute caused a significant delay; (2) whether plaintiff was given notice that further delay would result in dismissal; (3) whether defendant was likely to be prejudiced by the delay; (4) the need to balance congestion of the court's calendar with plaintiff's right to have their day in court; and (5) the possibility of lesser sanctions. *Drake*, 375 F.3d at 254.

There is no basis here to grant a dismissal for failure to prosecute.  There have been no dilatory tactics on the part of plaintiff.  After a period of inactivity and notice by the Court, plaintiff promptly submitted an affidavit explaining that the parties had been engaged in settlement negotiations and securing an extension of time for defendant to answer or otherwise move against the complaint.  Defendant filed the present motion, and has suffered no prejudice as a result of the brief delay.  In fact, both parties had the benefit of engaging in some settlement negotiations during that time.  Defendant's detailed descriptions of efforts she made to resolve the matter, as well as her claims that she has

continued to make monthly payments on the loans, are irrelevant to her contention that the matter should be dismissed for failure to prosecute.  Indeed, defendant will have the opportunity to raise these arguments as the matter proceeds for a determination on the merits.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied in its entirety.  Defendant shall file an answer to the complaint on or before April 18, 2014.


SO ORDERED.


____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   March 26, 2014